UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARL R. ROLLING,            Case No. 1:19-cv-101

    Plaintiff,

        vs.            Bowman, M.J.

CINCINNATI POLICE DEP'T
DISTRICT #1,

    Defendant.

**MEMORANDUM OF OPINION AND DECISON**

This civil action is now before the Court on Defendant Cincinnati Police Department District #1's motion for judgment on the pleadings (Doc. 12) and the parties' responsive memoranda. (Docs. 18, 19, 20). The parties have consented to the jurisdiction of the magistrate judge for the disposition of this matter pursuant to 28. U.S.C. section 636(c). (Doc. 13)

**I. Background and Facts**

Plaintiff Carl R. Rolling ("Plaintiff") filed this *pro se* action on February 8, 2019, alleging that in 2017 three police officers approached him and instructed him to pour out an open can of beer. (Doc.1). Plaintiff claimed that after he poured the beer out one of the officers walked away to write a ticket and the other two officers proceeded to slam him to the ground and kick him in the ribs. After giving Plaintiff a ticket, the officers allegedly left him lying on the ground and Plaintiff eventually went to UC Emergency to be treated. Plaintiff claimed that an M. Campbell, who was on a lunch break, witnessed all these events. *Id*. In an amended complaint filed on August 14, 2019, Plaintiff further alleged that the police officers mocked him as they walked away and specified that the

events in question took place on February 2, 2017 around 12:30 P.M. (Doc.4). This complaint also named "3 Cincinnati Police Officers" as the defendant in the case caption rather than the originally named Defendant Cincinnati Police Department District #1. *Id.*

On December 9, 2019, the Cincinnati Police Department District #1 ("Defendant") filed a motion for judgment. (Doc.12). Plaintiff filed a memorandum in opposition to Defendant's motion for judgment on the pleadings on January 15, 2020, claiming that there are cameras on the corner of Findlay and Linn streets and that he was told the police department allegedly could not find the film of his encounter with the police officers. (Doc.18). Plaintiff again referred to the Defendant as "3 Police Officers" rather than the originally named Defendant. *Id.* In response, Defendant again asserted that Plaintiff did not allege enough facts in his Complaint or responses to support his claim against the City and further argued that the amended complaint filed on August 14, 2019, is not valid because of the statute of limitations. (Doc.19). On March 9, 2020, Plaintiff filed a Supplemental Memorandum opposing the Defendant's motion, again stating that he has sued the three individual police officers, not the Police Department. (Doc.20).

**II. Analysis**

**A. Standard of Review**

To survive a motion for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Roth Steel Products v. Sharon Steel Corporation*, 705 F.2d 134, 155 (6th Cir. 1983). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis*

*v. ACB Business Seru., Inc.*, 135 F.3d 389, 405 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). It is not enough that the complaint contains "an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory statements which recite a cause of action are not sufficient. *Id.* The complaint must contain more than allegations the defendant may have possibly acted unlawfully. Even allegations that are consistent with a defendant's liability are insufficient. *Id.* Instead, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id. See also Corie v. Alcoa Wheel & Forget Products*, 577 F.3d 625 (6th Cir. 2009). If it is not plausible that the factual allegations will lead to the requested relief, the defendant is entitled to judgment as a matter of law.

### B. Defendant's Motion is Well-Taken

Defendant argues that judgment on the pleadings is warranted because Plaintiff has not alleged any policy or practice by the City that would create civil rights liability under 42 U.S.C. § 1983. (Doc.12). A municipality cannot be found liable for the unconstitutional acts of its employees. *Monell v. New York Dep't of Social Services*, 436 U.S. 658 (1978). For a municipality to be held liable for the unconstitutional actions of its employees, the plaintiff must show a "'direct causal link' between a municipality's custom or policy and the alleged constitutional violation." *Williams v. Warren County*, Case No. 1:08-cv-899, 2011 U.S. Dist. LEXIS 54234 at 19 (S.D. Ohio Mar. 4, 2011). In this case, Plaintiff has alleged no facts in any of his pleadings that would indicate the Defendant has a custom or policy of excessive force that directly caused the police officers' actions and therefore the Defendant cannot be held liable for its employees' actions. Accordingly,

Plaintiff has failed to allege sufficient facts to support a claim of unconstitutional policy or practice of excessive force. Therefore, Defendant is entitled to judgment a matter of law with respect to Plaintiff's section 1983 claims.

Defendant further argues that as a police department it is not a legal entity with the capacity to be sued. (Doc.12). A police department is "a mere arm of the City" and "not its own entity" and is therefore "not capable of being sued." *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D. Ohio 2003). *See also Rhodes v. McDaniel*, 945 F.2d 117, 12 (6th Cir. 1991) (Police Departments are part of a larger political subdivision and cannot be sued). Since the Defendant in this case is a police department, it is not an entity capable of being sued and therefore not a proper party to this suit. [1]

For these reasons, Defendant's motion for judgment on pleadings is well-taken.

**III. Conclusion**

It is therefore **ORDERED** that Defendants' motion for judgment on the pleadings (Doc. 12) is **GRANTED** and this case is **CLOSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Additionally, in his supplemental memorandum in opposition to Defendant's motion Plaintiff claims that he is not suing the Cincinnati Police Department District #1, but rather the three individual police officers that allegedly used excessive force against him. (Doc. 20). However, Defendant argues that these police officers were not named in the original Complaint or properly served. Defendant further contends that amendment of pleadings at this juncture would be futile because the claims would be barred by the two-year statute of limitations since the amendment will not relate back to the filing of the complaint under Federal Rule of Civil Procedure Rule 15(c). *See Gamblin v. City of Akron*, N.D. Ohio No. 5:11 CV 927, 2013 U.S. Dist. LEXIS 167224, at *19-20 (Nov. 25, 2013) (*citing Brown v. Cuyahoga County, Ohio*, 517 Fed. Appx. 431, 433-34 (6th Cir. 2013); *Smith v. City of Akron*, 476 F.App'x 67, 69 (6th Cir.2012)). The alleged use of force occurred on February 2, 2017. The Complaint was filed on February 1, 2019 and entered on February 8, 2019. Doc. 1. Without leave, Plaintiff filed an amended pleading on August 14, 2019 listing "3 Cincinnati Police Officers" in the case caption. Doc. 19. No service was attempted on any individual officers. As such, Defendant argues that even if Plaintiff had obtained leave to amend his pleadings, had properly named the three officers and served them, August 14 was well beyond the statute of limitations which expired the day after the Complaint was filed. The undersigned agrees.

4